■ MOBIL OIL CORPORATION, Appellant, v BRUCE C. BALIKO et al., Respondents, et al., Defendants, et al., Counterclaim Defendant. [597 NYS2d 15] —Order, Supreme Court, New York County (Lewis Friedman, J., adopting opinion of Harold Baer, Jr., J.), entered December 1, 1992, which granted defendants' motion for a preliminary injunction enjoining plaintiff from terminating the parties' Service Station Lease and Retail Dealer Contract, unanimously affirmed, with costs.

The IAS Court correctly found issues of fact as to whether plaintiff complied with various requirements of the Petroleum Marketing Practices Act (PMPA; 15 USC § 2801 et seq.). Given these issues of fact, it was a proper exercise of discretion to grant defendants' motion for a preliminary injunction, the standard of proof for such relief under the PMPA being less stringent than is ordinarily the case, requiring only that the balance of hardship tip in the franchisee's favor and that there be a " 'reasonable chance' " that the franchisor will be unable to prove that termination of the franchise is permissible under the Act (Khorenian v Union Oil Co., 761 F2d 533, 536; Slatky v Amoco Oil Co., 830 F2d 476, 478; Davy v Murphy Oil Corp., 488 F Supp 1013, 1018). Such a reasonable chance is present here, given that plaintiff's January 2, 1992 purported notice of non-renewal apparently failed to comply with the requirement of 15 USC § 2804 (a) that such notice be given at least 90 days before non-renewal is to take effect, which, in this case, was March 31, 1992, the expiration date of the lease (15 USC § 2801 [14]), and also given that plaintiff's purported right of first refusal to the defendants, delivered on March 21, 1992, 10 days before the expiration date, apparently failed to comply with the requirement of 15 USC (PMPA) § 2802 (b) (3) (D) (iii) (II) that the franchisor, as a prerequisite to non-renewal, offer the franchisee a right of first refusal of at least 45 days duration.

We also agree with the IAS Court that plaintiff's notice of right of first refusal, insofar as it would have required defendants to close within 60 days after its exercise of the right, added a term not present in the agreement between plaintiff and the prospective purchaser.

We have reviewed plaintiff's remaining claims and find them to be without merit. Concur—Milonas, J. P., Ellerin, Asch, Kassal and Rubin, JJ.